IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RUBEN GUERRERO #1635715 | § | |
| | § | |
| V. | § | A-11-CA-452-SS |
| | § | |
| TRAVIS COUNTY, TEXAS; | § | |
| SELENA M. ALVARELIGA; WILFORD | § | |
| FLOWERS; PATRICIA AGUILAR; | § | |
| DAVID ESCAMILLA; UNKNOWN | § | |
| EMPLOYEE OF COUNTY ATTORNEY'S | § | |
| OFFICE; ART ACEVEDO; and | § | |
| AUSTIN POLICE DEPARTMENT | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and declaration. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Eastham Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Although Plaintiff's complaint is not clear, it appears he was arrested on April 15, 2009, for an assault that occurred on March 27, 2009, in Austin, Texas. According to Plaintiff, Selena Alvareliga

was appointed to represent him in his criminal case in the 147th Judicial District Court of Travis County, Texas, over which Judge Flowers presided.

Plaintiff asserts he notified his attorney of a series of phone calls made between October 31, 2009, and November 9, 2009, from the Travis County Jail. The conversations were between Plaintiff and his wife, the alleged victim of his crime. Plaintiff contends the conversations were exculpatory. Alvareliga allegedly obtained a copy of the recordings on a CD, which she gave to a Patricia Aguilar to interpret. According to Plaintiff, the interpreter placed the CD in her purse, which was stolen. Plaintiff claims he urged his attorney to obtain another copy, but she failed to do so. Plaintiff alleges he went to trial on March 24, 2010, without the exculpatory evidence. According to Plaintiff, Judge Flowers "ruled against the evidence," and the jury was denied the opportunity to consider the exculpatory evidence. Plaintiff further complains his attorney introduced at trial documents regarding the "Violence Against Women's Act of 1994." According to Plaintiff, Judge Flowers did not admit the evidence, which Plaintiff claims was self-authenticated. Plaintiff indicates he was compelled to testify at trial, because counsel failed to obtain another copy of the CD and Judge Flowers did not admit the evidence at trial.

According to Plaintiff, on March 29, 2010, he contacted Judge Flowers and the prosecutor and notified them of a witness's perjured testimony, presumably his wife's, and informed them of existing charges against the witness where the prosecutor refused to prosecute because the witness is female. Plaintiff additionally believes his wife was threatened by the prosecutors to testify against him.

Prior to trial in December 2009, Plaintiff asserts he filed charges with the Travis County Attorney's Office. Plaintiff appears to be alleging he tried to file criminal charges against someone

for credit card fraud and assault. According to Plaintiff, he submitted copies of his credit card statements and a picture of his injury. Plaintiff complains the photo he submitted to the Travis County Attorney's Office was lost but the statements were returned. Plaintiff asserts he had another photo, although the photo was not as clear, so he contacted Chief of Police Art Acevedo. Plaintiff indicates he was directed to the Financial Crimes Department at the Austin Police Department, and an investigation was started in February 2010. Plaintiff complains the investigation is still ongoing. Plaintiff further complains Acevedo failed to pursue the "assault charge and others that were filed."

Plaintiff sues Travis County, Selena M. Alvareliga, Wilford Flowers, Patricia Aguilar, David Escamilla, an unknown employee of the County Attorney's Office, Art Acevedo, and the Austin Police Department. He requests $3.5 million in lost wages, property, and child support, $20 million for pain and suffering, and $20 million in punitive damages.

## DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no

3

license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

      B.     State Actor

With respect to Plaintiff's claims brought against Defendant Alvareliga, court-appointed counsel, the provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim. Love v. King, 784 F.2d 708, 712 (5th Cir. 1986); Williams v. Kelley, 624 F.2d 695, 697 (5th Cir. 1980), cert. denied, 451 U.S. 1019, 101 S. Ct. 3009 (1981). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. Monroe v. Pape, 365 U.S. 167, 184, 81 S. Ct. 473 (1961); accord, Brown v. Miller, 631 F.2d 408, 410-11 (5th Cir. 1980). A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents. Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct 183, 186 (1980).

An action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983. See O'Brien v. Colbath, 465 F.2d 358, 359 (5th Cir. 1972); Shapley v. Green, 465 F.2d 874 (5th Cir. 1972). Likewise, no claim under § 1983 can be brought against retained counsel because retained counsel does not act under color of state law. Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985), cert. denied, 479 U.S. 826, 107 S. Ct. 103 (1986). Because Defendant Alvareliga is not a state actor, Plaintiff's claims against her are frivolous.

C.  Judicial Immunity

Judge Flowers is entitled to absolute immunity for any acts performed as a judge. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. Mireless v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. See Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12, 112 S. Ct. at 288. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (quoting Mireless, 502 U.S. at 12, 112 S. Ct. at 288). In the case at bar, Plaintiff does not complain of any actions taken by Judge Flowers that were non-judicial in nature nor does he show that Judge Flowers was acting in the clear absence of all jurisdiction. Accordingly, Judge Flowers is protected by absolute immunity, and Plaintiff's claims against him are frivolous.

D.  Interpreter

Assuming, without deciding, that Defendant Patricia Aguilar, the interpreter, is a state actor, Plaintiff has failed to allege a valid constitutional violation. Having her purse stolen with a CD

5

recording of Plaintiff's jailhouse phone conversations contained within it can hardly be considered a constitutional violation.

  E.  <u>Travis County and the County Attorney's Office</u>

Plaintiff complains an unidentified employee of the Travis County Attorney's Office lost a photo he submitted to show his injury from an alleged assault. Plaintiff believes County Attorney David Escamilla is responsible for his employee's actions.

First, losing a photo does not amount to a constitutional violation. Second, supervisory officials cannot be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 693, 98 S. Ct. 2018, 2037 (1978); <u>Lozano v. Smith</u>, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. <u>Thompkins v. Belt</u>, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." <u>Id.</u> at 304. Plaintiff has failed to provide a basis for holding Defendant Escamilla or the unknown county employee liable in this case.

Similarly, a political subdivision, such as Travis County, cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. <u>Johnson v. Moore</u>, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the

6

plaintiff to be subjected to the deprivation of a constitutional right. Id; Collins v. City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115, 112 S. Ct. 1061 (1992). Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. Bennett v. City of Slidell, 728 F.2d 762, 768 (5th Cir. 1984), cert. denied, 472 U.S. 1016, 105 S. Ct. 3476 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government policy. Pembaur v. Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299 (1986). Plaintiff not only fails to allege a valid constitutional violation, he fails to identify a policy, practice or custom of Travis County that caused a deprivation of his constitutional rights.

      F.     Chief of Police and the Austin Police Department

Plaintiff complains Chief of Police Art Acevedo failed to pursue assault charges against an unidentified person and has not completed the investigation into Plaintiff's complaint of credit card fraud. However, Plaintiff does not have a right to have an individual criminal prosecuted. Oliver v. Collins, 914 F.2d 56 (5th Cir. 1990).

In addition, the Austin Police Department is not a legal entity capable of being sued. See Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Plaintiff's claims against Chief Acevedo and the Austin Police Department are frivolous.

G.  Heck v. Humphrey

Finally, insofar as Plaintiff is challenging his state criminal conviction, Plaintiff's claims are also barred by Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994).  In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus.  In fact, Plaintiff's conviction was recently affirmed. Guerrero v. State, No. 03-10-00218-CR, 2011 WL 2176825 (Tex. App. – Austin June 3, 2011).

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge

of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of June, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE